UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES COLEMAN,<br>      Plaintiff,<br><br>v.<br><br>COLORADO TECHNICAL UNIVERSITY,<br>      Defendant. | )<br>)<br>)<br>) **C.A. No.:**<br>)<br>)<br>)<br>)<br>)  **COMPLAINT AND DEMAND FOR**<br>)  **JURY TRIAL**<br>) |

## COMPLAINT

CHARLES COLEMAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COLORADO TECHNICAL UNIVERSITY ("DEFENDANT"):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.  Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

PLAINTIFF'S COMPLAINT

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19141.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 4435 N. Chestnut Street, Colorado Springs, CO 80907.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for at least one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning sometime during 2015 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

13. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a pre-recorded voice before transferring the calls to live agents.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to contact Plaintiff regarding their educational programs.

16. Plaintiff knew that Defendant was calling him because he spoke to male and female callers who identified their name as the Defendant's during calls.

17. It was annoying and harassing for Plaintiff to be called on his cellular telephone with such frequency.

18. Desiring to stop the repeated telephone calls, on more than one occasion in 2015 and 2016, Plaintiff spoke with Defendant's callers to advise them he no longer wanted to be contacted on his cellular telephone after the calls began in 2015, revoking any consent that may have been previously given to Defendant to contact him on this number.

19. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

20. Defendant heard and acknowledged Plaintiff's instructions to stop calling him by responding that they would "remove his number from their list."

21. However, Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone.

22. After Plaintiff's requests to stop the calls were ignored by Defendant, he had no other viable alternative but to block calls from Defendant's phone numbers.

23. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

28. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

29.  Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

30.  Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

31.  Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

32.  Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

33.  Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.  The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHARLES COLEMAN, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHARLES COLEMAN, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

                    RESPECTFULLY SUBMITTED,

                    By: /s/ Amy Lynn Bennecoff Ginsburg
                    Amy Lynn Bennecoff Ginsburg, Esq.
                    Kimmel & Silverman, P.C.
                    30 East Butler Pike
                    Ambler, PA 19002
                    Telephone: (215) 540-8888
                    Facsimile (215) 540-8817
                    Email: aginsburg@creditlaw.com
                    Attorney for Plaintiff

Dated: August 5, 2016

PLAINTIFF'S COMPLAINT